J-M03002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER JOEL YOUNGER | : | |
| | : | |
| Petitioner | : | No. 35 WDM 2026 |

Appeal from the Order Entered March 24, 2026
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0000432-2024

BEFORE: PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED: June 18, 2026**

Petitioner, Christopher Joel Younger, filed a *pro se*[1] "Emergency Petition for Specialized Review of Bail Order" ("Petition") and Amended Petition, seeking review of the March 24, 2026[2] order ("Order") of the Court of Common Pleas of Indiana County ("trial court"), which denied Petitioner's "Motion for

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Petitioner has privately retained standby counsel, Dorothea Hall, Esquire. Attorney Hall confirmed that Petitioner knowingly, intelligently, and voluntarily waived his right to counsel in an April 28, 2026 hearing held pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), albeit in his Allegheny County cases underlying No. 28 WDM 2026.

[2] The subject order is dated March 23, 2026, but was docketed on March 24, 2026. We will use the filed date for clarity.

Modification of Bail Conditions."[3] **See** Pa.R.A.P. 1610 (providing for review of an order granting or denying release or modifying the conditions of release before sentence through a petition for specialized review); Pa.R.A.P. 1762(b) (explaining that an order relating to bail when no appeal is pending shall be subject to review pursuant to Chapter 16 of the Rules of Appellate Procedure); **Commonwealth v. Miller**, 319 A.3d 575 (Pa. Super. 2024) (applying to petitions for specialized review of bail filed under Pa.R.A.P. 1610 the rationale in **Interest of N.E.M.**, 311 A.3d 1088 (Pa. 2024) (holding that review of a petition for specialized review involving a juvenile out-of-home placement order is mandatory in that this Court lacks discretion to decide whether to review the petition). On April 29, 2026, Petitioner filed a *pro se* "Amended Emergency Petition for Specialized Review Bail Order." After careful independent review, we affirm the trial court's March 24, 2026 Order.

Petitioner is charged with the following felony offenses in Indiana County: Conspiracy—Corrupt Organizations, Dealing in Proceeds of Unlawful Activity; Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver; Criminal Use of a Communication Facility; and Unlawful Use of a

---

[3] On April 8, 2026, this Court entered an Order directing the trial court to file a statement of reasons pursuant to Pa.R.A.P. 1762(e) (providing the judge who made the bail determination shall forthwith file of record a brief statement of the reason for the determination or where in the record such reasons may be found). On April 27, 2026, this Court received from the trial court: the court's March 23, 2026 order denying Petitioner's Motion for Modification of Bail Conditions, the failure to appear bench warrant issued and filed on November 3, 2025, and its Statement of Reasons Pursuant to Pa.R.A.P. 1762(e).

Computer—Access to Disrupt Function. Bail was set on April 29, 2024, and posted on May 3, 2024. On December 23, 2024, Petitioner filed in this Court what appears to be an interlocutory appeal that was dismissed for failure to file a docketing statement or brief. *See Commonwealth v. Younger*, 1593 WDA 2024 (Pa. Super. filed Aug. 14, 2025). On January 22, 2025, the Commonwealth filed a motion to revoke bond. On January 24, 2025, the trial court directed Petitioner to show cause why bond should not be revoked and scheduled a hearing on the motion, which was continued until November 3, 2025. On November 3, 2025, the bond hearing was canceled because Petitioner failed to appear, bond was revoked, and a bench warrant was issued for Petitioner's failure to appear at the hearing.[4] *See* 42 Pa.C.S.A. § 5747.1 (if a defendant in a criminal case fails to appear for any scheduled court proceeding, defendant's bail may be revoked). The bench warrant is still active.

On March 18, 2026, Petitioner filed a *pro se* Motion for Modification of Bail Conditions in Indiana County. On March 24, 2026, the trial court entered an order denying Petitioner's Motion for Modification of Bail Conditions without a hearing. Petitioner is currently incarcerated in Allegheny County awaiting trial on other similar charges and filed a Petition for Specialized Review of a

---

[4] Our independent review of the trial court dockets at CP-02-CR-0003502-2024 and CP-02-CR-0003594-2025 underlying the Petition for Review at 28 WDM 2026, confirms that Petitioner was incarcerated in Allegheny County at the time of the November 3, 2025 bail hearing in the Indiana County case at CP-32-CR-0000432-2024 underlying the instant Petition.

bail order in the Allegheny County cases, which is pending in this Court at Docket No. 28 WDM 2026.

On April 7, 2026, Petitioner filed the instant Petition, claiming the trial court abused its discretion by denying bail without holding a hearing, but then also seems to incorporate argument from his Petition for Specialized Review at No. 28 WDM 2026, by stating "[t]he trial court abused its discretion by denying bail while expressly acknowledging that it could not evaluate essential bail factors, by preventing the defendant from presenting evidence on the record, and by issuing conclusory findings unsupported by a reasoned analysis of available bail conditions." **Petition**, 4/7/26, at 1. The gist of Petitioner's instant argument appears to be that the trial court cannot deny Petitioner's motion, and bail entirely, yet decline to hold a hearing on Petitioner's motion. Petitioner asks this Court to vacate the March 24, 2026 bail order, remand with instructions to set reasonable bail and conditions of release, or, in the alternative, to conduct a new bail hearing permitting Petitioner to present evidence and requiring findings sufficient for appellate review. **See id.** at 2 (unpaginated) (the latter argument also seemingly repeated from Petitioner's Petition at No. 28 WDM 2026, as there was no bail hearing in the instant case).

In his Amended Petition for Specialized Review, Petitioner appears to mistakenly argue, *inter alia*, that the trial court was divested of jurisdiction when it revoked his bond on November 3, 2025, due to Petitioner's filing a notice of appeal (1593 WDA 2024) on December 23, 2024, and this Court's dismissal of the appeal on October 6, 2025. Accordingly, Petitioner asserts,

the Commonwealth's January 22, 2025 motion to revoke bond, the trial court's January 24, 2025 show cause order regarding the motion to revoke bond, the trial court's order granting a continuance of the bond revocation hearing, and the November 3, 2025 order revoking bond were all legal nullities. Petitioner also avers that the Commonwealth filed the motion to revoke bond without legal justification, claiming that the Commonwealth only stated that Petitioner had new charges while on bond. Petitioner appears to assert the charges were not new, but merely refiled. **See Amended Petition**, 4/29/26, at 2 (unpaginated).

Generally, this Court reviews bail decisions for an abuse of discretion and will reverse the trial court only if we conclude its determination "misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will." **Miller**, 319 A.3d at 580 (citation omitted). Moreover, this Court's scope of review is limited to the record evidence adduced at the bail hearing, along with the findings of the trial court, viewed in the light most favorable to Defendant as the prevailing party. **See id.** This Court will affirm the trial court's bail decision "if [the court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct." **Commonwealth v. Talley**, 265 A.3d 485, 527 (Pa. 2021).

Instantly, in its Statement of Reasons Pursuant to Pa.R.A.P. 1762(e), the trial court specifically notes Petitioner's statement that he "is currently

being held in Allegheny County Jail with bail denied." ***Statement***, 4/16/26, at 1 (unpaginated). In support of its denial of Petitioner's motion for modification of bail, the trial court reasons:

> Given the fact Defendant is incarcerated in the Allegheny County Jail, … and has an active bench warrant in this matter, the Court turned to Rule 150 of the Rules of Criminal Procedure[, which] provides, in pertinent part, as follows: 5) The bench warrant hearing shall be conducted without unnecessary delay after the individual is lodged in the jail of the county of issuance on that bench warrant … (b) … the individual shall not be detained without a bench warrant hearing on that bench warrant longer than 72 hours, or the close of the next business day if the 72 hours expires on a non-business day.
>
> Defendant is incarcerated in Allegheny County. Once defendant is lodged in the Indiana County Jail, this Court will conduct a Rule 150 hearing within the time prescribed. In other words, this Court determined that it was not appropriate to modify Defendant's bail conditions, as requested in the Motion, but rather, conduct a bench warrant hearing in accordance with the mandates of Rule 150.

Statement, 4/16/26, at 2 (unpaginated). We discern no abuse of discretion.

Petitioner complains no hearing was held on his March 18, 2026 motion for modification of bail conditions, yet the trial court directed Petitioner to show cause why his bail should not be revoked based on the Commonwealth's January 22, 2025 motion to revoke bond in the first instance. The trial court scheduled a hearing and Petitioner failed to appear at the bail revocation hearing; therefore, bail was revoked, and a bench warrant was issued for his failure to appear at that hearing.

According to the trial court docket in the Allegheny case, the trial court entered an order granting a motion to revoke/release and forfeit bail on July

1, 2025, and a bench warrant was issued. A bail hearing was held on March 10, 2026, after which an order was entered granting modification of bail, and bail was denied. Thus, it appears Petitioner has been incarcerated in Allegheny County jail since March 10, 2026. On March 18, 2026, Petitioner filed the motion for modification of bail conditions in the instant Indiana County case, which the trial court denied because Petitioner is not currently incarcerated in Indiana County jail, there is an active bench warrant for Petitioner in Indiana County for which the court must conduct a hearing pursuant to Pa.R.Crim.P. 150, and which must take place once Petitioner is in Indiana County jail.

Accordingly, based on the foregoing, we discern no abuse of discretion in the court's decision to deny Petitioner's motion for modification of bail conditions, and no relief is due.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/18/2026